not be set aside except on a showing of such a defense.

There was no defense to the tax lien, nor was one claimed. The ground for this proceeding was that the court was, upon the face of the record, without jurisdiction to determine the cause, and that therefore the defendants in error were seeking to pay the taxes and expenses and redeem the property. The court being without jurisdiction, it is unnecessary to pass upon the other matters presented.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

---

STATE, EX REL. HUFFMAN, *v.* SHUFF ET AL.

*County commissioners—Road improvement proceedings—Commissioner not disqualified to act, because improvement benefits his property—Location of highways within discretion of commissioners and director of highways—Exercise of discretion will not be enjoined, when.*

1. A county commissioner is not disqualified to act in a matter of the improvement of a public highway merely by reason of the fact that he has farm property which will be increased in value by the improvement.
2. The location of the route of a public highway is a matter within the discretion of the county commissioners and director of highways, and, in the absence of fraud or

[1] Highways, 29 C. J. § 298 (Anno.); [2] Id., § 312.

gross abuse of discretion, courts will not interfere with the exercise of such discretion.

(Decided December 11, 1925.)

APPEAL: Court of Appeals for Knox county.

Mr. J. S. McDevitt and Mr. Robert L. Carr, for plaintiff.

Mr. Walter G. Harris, prosecuting attorney; Mr. W. Dale Dunifon; Mr. Charles G. Williams, and Mr. W. S. Pealer, for defendants.

WILLIAMS, J. This cause comes into this court on appeal from the court of common pleas of this county, and on appeal to this court the cause is submitted upon the evidence. The action is brought to enjoin the improvement of a highway between Mt. Vernon and Fredericktown, known as the lower road, by grading, paving, draining, etc. The action was tried in the court below and a judgment rendered dismissing the petition at the costs of the plaintiff. The plaintiff claims that the proceedings of the county commissioners are illegal because one of the commissioners is financially interested by reason of the fact that he has farm property which will be increased in value by the improvement. Under the rule laid down in Hamilton v. Bd. of Commrs., 108 Ohio St., 566, 141 N. E., 684, we think the record in this case fails to show such a disqualification of the county commissioner referred to as would make the proceedings of the commissioners illegal.

It is further claimed by the plaintiff that the ac-

tion of the county commissioners and of the director of highways in locating the improvement upon the lower road, instead of upon the upper road, was an abuse of discretion. The upper road, as well as the lower road, is a main thoroughfare between Mt. Vernon and Fredericktown, and the lower road is three-tenths of a mile longer than the upper road. It appears that by constructing the improvement upon the lower road there will be greater expense incurred than by constructing it upon the upper road; that a new bridge will be required on the lower road, costing upwards of $22,-000, whereas no new bridge would be required upon the upper road; that the additional three-tenths of a mile will incur an additional expense of upwards of $9,000; and that it will be necessary to move telephone and light poles on the lower road, which will incur an expense of several thousand dollars, whereas there are no poles on the upper road. The total estimated additional cost of the lower road over and above the upper road is upwards of $40,000. It seems, however, that, if the improvement were constructed upon the upper road, the bridge that is there would be somewhat narrower than the paved portion of the improved highway. It appears, further, that the lower road has certain advantages over and above the upper road in regard to the safety of railroad crossings. There are various other facts involved from which argument may be made pro and con upon the question of the availability of the lower road as against the upper road. We think the rule is fairly well stated in the opinion of the court in *Butler, Taxpayer,* v.

*Karb, Mayor,* 96 Ohio St., 472, at page 480, 117 N. E., 953, 955, from which we quote:

"The manner in which the authority conferred by statute is to be exercised is left to the discretion of the officials of the municipality. The general principle is well established that in the absence of fraud or gross abuse of discretion the courts will not interfere with the discharge of such duties. It must at least appear that the public officers are transcending their powers or withholding some clear right, or perpetrating or threatening to commit a wrong, before the power of the courts may be invoked."

The principle here announced is applicable to the proceeding of the director of highways and the county commissioners. We cannot say that there was an abuse of discretion in the instant case.

It is further claimed that the action of the commissioners was due to the undue influence of state officers. We think that we only need say with reference to this claim that there has been a failure on the part of the plaintiff to show that the action was the result of any outside influence whatever. The only inference that we are able to draw is that the officials having the matter in charge acted in good faith.

This court has no power to determine or fix the route of the proposed highway improvement. There are some reasons why the upper road should have been preferred to the lower road, but the matter was one wholly within the discretion of the officials charged with the duty of determining the route. We find that their action was not illegal.

A decree will be entered dismissing the petition at the costs of the plaintiff.

*Petition dismissed.*

SHIELDS and FARR, JJ., concur.

Judge WILLIAMS of the Sixth Appellate District and Judge FARR of the Seventh Appellate District, sitting in place of Judges PATTERSON and HOUCK of the Fifth Appellate District.